UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DAVID BEHRENS,

    Plaintiff,

v.

BRICKHOUSE INSTALLATIONS LLC,
a Florida Limited Liability Company and
BRET J. CLOUSE, individually,

    Defendants.

Case No. 8:26-cv-01757

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, DAVID BEHRENS, by and through his undersigned counsel, hereby sues Defendants, BRICKHOUSE INSTALLATIONS LLC ("Brickhouse") and BRET CLOUSE ("Clouse") (herein collectively "Defendants"), and alleges as follows:

### NATURE OF THE ACTION

1.     This is an action for unpaid overtime compensation, unpaid minimum wages, and liquidated damages under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA").

2.     Plaintiff also seeks to recover unpaid Florida minimum wages and liquidated damages under Article X, Section 24 of the Florida Constitution and the Florida Minimum Wage Act, Fla. Stat. § 448.110 ("FMWA").

### JURISDICTION AND VENUE

3.     This Court has subject matter jurisdiction over the FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

4.    This Court has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367.

5.    Venue is proper in the Middle District of Florida because the events giving rise to these claims occurred in this District and Defendants reside and conduct business in this District.

## PARTIES

6.    Plaintiff, David Behrens, is a resident of Pinellas County, Florida, and was at all times relevant an "employee" of Defendants as defined by the FLSA and the FMWA.

7.    Defendant, Brickhouse Installations LLC, is a Florida limited liability company with its principal place of business in Hillsborough County, Florida.

8.    Defendant, Bret J. Clouse, is a resident of Hillsborough County, Florida, and is the owner and registered agent of Brickhouse.

9.    At all times relevant, Bret J. Clouse exercised operational control over Plaintiff's work schedule, determined the rate and method of Plaintiff's pay, and is therefore individually liable as an "employer" under the FLSA.

## FLSA ENTERPRISE COVERAGE

10.    At all times relevant, Brickhouse was an "employer" as defined by 29 U.S.C. § 203(d) and an "enterprise engaged in commerce" as defined by 29 U.S.C. § 203(s)(1).

11.    Brickhouse is an enterprise that has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or

otherwise working on goods or materials that have been moved in or produced for commerce by any person.

12.     Specifically, Brickhouse generates more than $500,000.00 in annual gross revenues.

13.     During his employment as a Laborer and Leadman, Plaintiff handled various tools, equipment, and installation materials that were manufactured outside the State of Florida and moved in interstate commerce.

14.     Furthermore, Defendants utilized the instrumentalities of interstate commerce to conduct business, including using cellular telephones and the internet to coordinate work and electronic banking systems (e.g., Zelle and direct deposit) to process payroll.

## GENERAL ALLEGATIONS

15.     Plaintiff was employed by Defendants as a Laborer and Leadman from approximately 2023 through May 1, 2025.

16.     Throughout his employment, Plaintiff consistently worked 12-hour shifts, five days a week, totaling approximately 60 hours per workweek.

17.     In 2023, Plaintiff was paid a daily rate of $200.00.

18.     In 2025, Plaintiff was paid a daily rate of $150.00.

19.     Defendants failed to maintain accurate records of Plaintiff's hours worked as required by the FLSA.

CALCIANO PIERRO

## COUNT I: RECOVERY OF OVERTIME WAGES (FLSA)

20.    Plaintiff realleges and adopts, as if fully set forth herein, the allegations in paragraphs 1 through 19.

21.    In 2023, Plaintiff consistently worked over 40 hours per week without receiving the required overtime premiums, resulting in $800.16 in unpaid wages.

22.    In 2025, Plaintiff worked over 40 hours per week and was not paid the required overtime premium based on the statutory regular rate of $13.00, resulting in $507.00 in unpaid wages.

23.    Defendants' failure to pay overtime was willful.

WHEREFORE, Plaintiff respectfully requests this Court:

A.    Enter judgment against Defendants, jointly and severally, for unpaid overtime wages under the FLSA;

B.    Award an equal amount in statutory liquidated damages;

C.    Award reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b); and

D.    Award such other relief as the Court deems just.

## COUNT II: RECOVERY OF MINIMUM WAGES (FLSA)

24.    Plaintiff realleges and adopts, as if fully set forth herein, the allegations in paragraphs 1 through 19.

25.    During the workweek ending February 15, 2025, Plaintiff worked 48 hours and received no compensation of any kind from Defendants.

4

CALCIANO PIERRO

26.     By failing to pay Plaintiff any wages for this period, Defendants violated the federal minimum wage mandate.

27.     Plaintiff is entitled to recover the unpaid federal minimum wages plus an equal amount in liquidated damages of $290.00 (40 regular hours at $7.25/hr).

WHEREFORE, Plaintiff respectfully requests this Court:

A.     Enter judgment against Defendants, jointly and severally, for unpaid federal minimum wages under the FLSA;

B.     Award an equal amount in statutory liquidated damages;

C.     Award reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b); and

D.     Award such other relief as the Court deems just.

### COUNT III: RECOVERY OF MINIMUM WAGES (FMWA)

28.     Plaintiff realleges and adopts, as if fully set forth herein, the allegations in paragraphs 1 through 19.

29.     In 2025, Plaintiff's hourly rate was $12.50, which fell below the Florida Minimum Wage of $13.00.

30.     As a result of this illegal rate and the total non-payment for the week ending February 15, 2025, Plaintiff suffered a shortfall of $646.00 in regular minimum wages for the 2025 period.

31.     Plaintiff provided Defendants with formal notice of these violations on February 13, 2026, pursuant to Fla. Stat. § 448.110(6).

WHEREFORE, Plaintiff respectfully requests this Court:

A.   Enter judgment against Defendants, jointly and severally, for unpaid Florida minimum wages under the FMWA;

B.   Award an equal amount in statutory liquidated damages;

C.   Award reasonable attorney's fees and costs pursuant to Fla. Stat. § 448.110; and

D.   Award such other relief as the Court deems just.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b) and the Seventh Amendment to the United States, Plaintiff demands a trial by jury as to all issues triable as of right.

Dated this 16th day of June 2026.          Respectfully submitted,

*s/ R. Michael Pierro, Jr.*
R. MICHAEL PIERRO, JR.
Florida Bar No. 013023
*Trial Counsel for Plaintiff*

**CALCIANO PIERRO**
146 Second Street North – Suite 304
St. Petersburg, Florida 33701
(727) 217-5400
mike@flemploymentlaw.com